OPINION
Defendant-appellant Michael M. Eisenhaurer appeals his conviction and sentence on one count of aggravated menacing entered by the Canton Municipal Court following a jury's verdict of guilty. The State of Ohio is plaintiff- appellee.
 STATEMENT OF THE FACTS AND CASE
Appellant was a tenant of the wife of the victim, Mr. McClelland. As landlord, Mrs. McClelland was responsible for taking care of the yard work at the rental property. Appellant sent the McClellands a letter complaining about the lack of upkeep of the yard and threatened to escrow his rent payments in court. Mr. McClelland came to appellant's home on July 28, 1998. At that time, appellant's neighbor, Dottie Wilson, testified Mr. McClelland said "bad words" and told all of us "he was gonna get us." Tr. at 129. According to appellant, two days later on July 30, 1998, at approximately 11:15 p.m., appellant heard a commotion in the backyard of his rental premises and saw a light from a flashlight. Appellant testified Mr. McClelland was in the backyard, threatening him. Appellant called 9-1-1, but Mr. McClelland left before the police arrived. Mr. McClelland returned the next morning, with a rake and a pair of long handled pruners, and began doing yard work. Allegedly in fear of Mr. McClelland because of his earlier threats, appellant placed his gun in the back of his trousers and proceeded to his garage to go to work. In order to get to the garage, appellant went into the backyard where Mr. McClelland was working. According to Mr. McClelland, when he saw appellant with a gun, he attempted to leave, but appellant pulled his gun, aimed at him, cocked it, and stated he would shoot him (Mr. McClelland). According to appellant, Mr. McClelland began screaming profanities at him and a brief argument followed. Appellant claims he turned and began walking towards his garage when Mr. McClelland saw the gun sticking out of his (appellant's) pants and repeatedly asked if appellant was threatening him (Mr. McClelland). Appellant claims Mr. McClelland began walking toward him with the long handled pruning shears and was within a couple of feet. At that point, appellant pulled the gun, cocked it, and told Mr. McClelland to back off. According to appellant, Mr. McClelland then walked to a neighbor's home and he (appellant) went back into his home, put the gun away, and waited for the police. On July 31, 1998, appellant was charged with felonious assault. The matter was bound over to the Stark County Grand Jury following a preliminary hearing in the Canton Municipal Court. On September 30, 1998, the Grand Jury indicted appellant on one count of aggravated menacing and returned the case to the Canton Municipal Court. A jury trial was held on December 8, 1998. Appellant asserted self-defense at the trial. Following deliberations, the jury returned a verdict of guilty. The jury's verdict was memorialized in a December 8, 1998 Judgment Entry wherein the trial court entered appellant's conviction and sentenced appellant accordingly. It is from that judgment entry appellant prosecutes this appeal assigning as error:
I. THE TRIAL COURT ERRED IN PREVENTING APPELLANT FROM TESTIFYING TO HIS KNOWLEDGE OF THE VICTIM'S VIOLENT REPUTATION IN ORDER TO SHOW APPELLANT'S SUBJECTIVE STATE OF MIND AT THE TIME OF THE INCIDENT.
II. THE TRIAL COURT ERRED IN PREVENTING APPELLANT FROM PRESENTING WITNESSES WHO WOULD TESTIFY TO VICTIM'S REPUTATION FOR VIOLENCE IN THE COMMUNITY.
III. THE TRIAL COURT ERRED IN PREVENTING APPELLANT FROM TESTIFYING TO VICTIM'S SPECIFIC VIOLENT ACTIONS IN ORDER TO SHOW APPELLANT'S SUBJECTIVE STATE OF MIND AT THE TIME OF THE INCIDENT.
IV. THE TRIAL COURT ERRED IN PREVENTING APPELLANT FROM PRESENTING WITNESSES WHO WOULD TESTIFY TO VICTIM'S SPECIFIC VIOLENT ACTIONS OF WHICH APPELLANT WAS AWARE.
V. THE TRIAL COURT ERRED IN PREVENTING APPELLANT FROM PRESENTING EVIDENCE OF THE VICTIM'S PRIOR ACTS OF VIOLENCE AND CONVICTIONS, IN ORDER TO SHOW THAT THE VICTIM WAS THE AGGRESSOR IN THE CONFRONTATION.
 I, II, III, IV V
In that all of appellant's assignments of error assert error in the trial court's exclusion of evidence regarding Mr. McClelland's reputation for violence, specific acts of violence and/or past convictions for violent offenses, we shall address them together. It is important to note both appellant and appellee agree a defendant may testify about his knowledge of the victim's reputation for violence in the community under Evid. R. 405, App. R. 16(A) provides, in pertinent part: (A) Brief of the Appellant. The appellant shall include in its brief, under the headings and in the order indicated, all of the following:
* * *
(7) An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary.
* * *
(D) References in Briefs to the Record. References in the briefs to parts of the record shall be to the pages of the parts of the record involved; e.g., Answer p. 7, Motion for Judgment p. 2, Transcript p. 231. Intelligible abbreviations may be used. If reference is made to evidence, the admissibility of which is in controversy, reference shall be made to the pages of the transcript at which the evidence was identified, offered, and received or rejected.
(Emphasis added).
In his brief to this Court, appellant does not reference where in the transcript he offered the evidence he claims was wrongfully excluded. Appellant generalizes as to the nature of the evidence alleged to have been wrongfully excluded, i.e., Mr. McClelland's reputation for violence, specific acts of past violence, and prior convictions for violent crimes, but fails to identify in the record where he proffered such evidence, let alone what the proffered testimony specifically would have been. In its brief to this Court, appellee attempts to respond to appellant's arguments and makes reference to those portions of the record wherein it presumes appellant alleges error. Appellee repeatedly notes appellant's failure to comply with App. R.16 in its brief to this Court. The fact appellee gratuitously directs this Court to the record where it believes the purported errors may have occurred does not relieve or excuse appellant from his responsibility under App. R. 16. Accordingly, we overrule all of appellant's assignment of error for non-compliance with App. R. 16.
The judgment of the Canton Municipal Court is affirmed.
By: Hoffman, P.J. Farmer, J. and Edwards, J. concur